**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **STEVEN EDWARD VILLNAVE,** ) | |
| **ID # 1857494,** ) | |
|     **Petitioner,** ) | |
| **vs.** ) | **No. 3:13-CV-4111-K (BH)** |
| ) | |
| **T. FOXWORTH, Warden,** ) | **Referred to U.S. Magistrate Judge** |
|     **Respondent.** ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order* 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**I. BACKGROUND**

Steven Edward Villnave (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on September 6, 2013. The respondent is T. Foxworth, the warden of his prison unit.

On February 5, 2013, Petitioner pled guilty pursuant to a plea agreement to driving while intoxicated (DWI) in Cause No. F11-22458 in the 291st Judicial District Court of Dallas County, Texas. The trial court sentenced him to ten years' imprisonment. (Pet. at 2-3; *see also* www.dallascounty.org, search Cause No. F11-22458). He did not file a direct appeal. (Pet. at 3).

Petitioner filed a state writ challenging this conviction that was received by the trial court on April 29, 2013. It has not yet been ruled on by the trial court or by the Texas Court of Criminal Appeals. (*See* www.dallascounty.org, search for Cause No. W11-22458-A).

In his federal petition, Petitioner asserts that: 1) the State breached the plea agreement by

denying him the right to appeal; 2) the State violated the plea agreement by sentencing him to a ten-year sentence; 3) the affidavit in support of the arrest warrant was invalid; and 4) he was denied the effective assistance of counsel. (Pet. at 6-7).

## II. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. To exhaust in accordance with § 2254, a petitioner must fairly present all claims to the state courts prior to raising them in federal court. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, Petitioner has not fairly presented the claims he raises in his federal petition to the Court of Criminal Appeals. He did not appeal his conviction, and his state application for writ of habeas corpus has not been ruled on by the trial court or the Court of Criminal Appeals. The Court

of Criminal Appeals has not had an opportunity to review the claims raised in his federal petition.

It appears that Petitioner may be attempting to seek waiver of the exhaustion requirement because the trial court has not yet ruled on his state writ application or forwarded it to the Court of Criminal Appeals. (Pet. at 4, 7).  Under 28 U.S.C. § 2254(b)(1), a federal habeas petition may not be granted unless a petitioner has either exhausted his state court remedies or there is either an absence of a state corrective process or circumstances render that process ineffective to protect a petitioner's rights.  The Fifth Circuit has stated that in a case where a state writ application has been pending for several years without any action by the state courts, circumstances might exist that render the state process ineffective.  *See Burks v. Thaler*, 421 Fed. App'x 364, 365 (5th Cir. April 5, 2011).  Here, Petitioner's state writ has been pending for less than six months.  He has not shown that there is either an absence of a state process to address his claims or that the state process is ineffective.

A ruling from the federal court at this juncture would preempt the state court from performing its proper function.  *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings").  Petitioner is therefore not entitled to habeas corpus relief for failure to exhaust his state remedies.

### III.  RECOMMENDATION

The habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**SIGNED this 15th day of October, 2013.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE